**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JERAMIAH BROWN,

                                    Plaintiff,                          5:22-cv-762 (BKS/TWD)

v.

UPS UNITED PARCEL SERVICE INCORP.,

                                    Defendant.

**Appearance:**

*Plaintiff pro se:*
Jeramiah Brown
Watertown, NY 13601

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

        Plaintiff pro se Jeramiah Brown brings this action against United Parcel Service, Inc.

("UPS"), alleging claims for discriminatory discharge, failure to make reasonable

accommodation, and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C.

§ 12101 et seq. ("ADA"). (Dkt. No. 1). Plaintiff simultaneously moved for leave to proceed in

forma pauperis ("IFP") and for the appointment of counsel. (Dkt. Nos. 2, 3). This matter was

referred to United States Magistrate Judge Thérèse Wiley Dancks for initial review. On July 29,

2022, Magistrate Judge Dancks issued an Order and Report-Recommendation (1) granting

Plaintiff's IFP application for purposes of initial review, (2) denying Plaintiff's motion for the

appointment of counsel without prejudice, and (3) recommending that Plaintiff's complaint be

dismissed with leave to amend. (Dkt. No. 6, at 9–10). Plaintiff has filed a timely objection to the

Report-Recommendation. (Dkt. No. 7). For the following reasons, the Report-Recommendation is adopted in its entirety.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

## III.    DISCUSSION

### A.    The Report-Recommendation[1]

Magistrate Judge Dancks recommended that each of Plaintiff's three claims under the ADA be dismissed, with leave to amend, for failure to plead at least one required element of each claim. First, with respect to Plaintiff's discriminatory discharge claim, Magistrate Judge Dancks concluded that Plaintiff had failed to adequately allege that he was "otherwise qualified

---

[1] The Court presumes familiarity with the factual allegations of Plaintiff's complaint as set forth in the Report-Recommendation.

to perform the essential functions of his job, with or without reasonable accommodation." (Dkt. No. 6, at 4–5 (quoting *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020))). Specifically, Plaintiff alleged that he passed a driving test, but this allegation "does not give rise to a reasonable inference that he was qualified to perform all essential functions" of the Personal Seasonal Delivery Driver position at UPS. (*Id.*). Magistrate Judge Dancks determined that Plaintiff did not allege what the job requirements of that position were and whether he met them. (*Id.* at 5).

Second, the Report-Recommendation concluded that Plaintiff did not state a claim for failure to accommodate because the complaint does not adequately allege that Plaintiff could "perform the essential functions of the job at issue" with "reasonable accommodation" or that UPS had "refused to make such an accommodation." (*Id.* at 5–6 (quoting *Laguerre v. Nat'l Grid USA*, No. 20-cv-3901, 2022 WL 728819, at *1, 2022 U.S. App. LEXIS 6328, at *2–3 (2d Cir. Mar. 11, 2022))). Magistrate Judge Dancks concluded that Plaintiff did not allege any reasonable accommodation that would permit him to perform the duties of a Personal Seasonal Delivery Driver, that he requested any accommodation, or that UPS refused any such request. (*Id.* at 6).

Finally, the Report-Recommendation concluded that Plaintiff failed to state a claim for retaliation under the ADA because he did not adequately allege that he engaged in any protected activity and therefore necessarily did not allege a causal connection between protected activity and an adverse action. (*Id.* at 6–7). Magistrate Judge Dancks concluded that Plaintiff's complaint contained no allegation that he requested an accommodation from Defendant or complained of any disability discrimination before Defendant's hiring decision. (*Id.* at 7).

### B.    Plaintiff's Objection

In his objection, Plaintiff argues that he has "stated such violations and allegations in the complaint" and "provided substantial evidence backing [his] claims and allegations of Discrimination." (Dkt. No. 7, at 1). Plaintiff "find[s] it extremely prejudicial" that the Report-

Recommendation "impl[ied] that [he] was incapable of doing the job duties," pointing to the Certificate of Course Completion from the American Safety Council attached to his complaint. (*Id.*; *see* Dkt. No. 1-1, at 25 (certificate of completion for internet version of the New York Six (6) Hour Motor Vehicle Accident Prevention Course)).[2] Plaintiff's objection then proceeds to recite essentially the same factual allegations that are contained in the complaint and attached exhibits, and he concludes by quoting portions of the ADA. (*See* Dkt. No. 7, at 1–9).

###    C.    Analysis

####        1.    Discriminatory Discharge Claim

The Court concludes that Plaintiff has properly preserved a specific objection to the portion of the Report-Recommendation concluding that Plaintiff had failed to plausibly allege that he was qualified to perform the essential functions of the Personal Seasonal Delivery Driver position. The Court's review of this portion of the Report-Recommendation is therefore de novo.

A prima facie case of discrimination under the ADA requires a plaintiff to show that (1) his "employer is subject to the ADA," (2) he was disabled within the meaning of the ADA, (3) he was "otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation," and (4) he "suffered adverse employment action because of his disability." *Woolf*, 949 F.3d at 93. A "qualified individual" means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The term "essential functions" is equivalent to "the fundamental job duties of the employment position"; evidence relevant to this inquiry includes "the employer's judgment as to what functions of a job are essential and any written description prepared by the employer before advertising or interviewing

---

[2] The Court does not credit Plaintiff's assertion that it is a "conflict of interest" for Magistrate Judge Dancks to be assigned to two different civil cases Plaintiff has filed in this District. (Dkt. No. 7, at 1).

applicants." *Williams v. MTA Bus Co.*, 44 F.4th ---, 2022 WL 3330099, at *13, 2022 U.S. App. LEXIS 22435, at *36–37 (2d Cir. Aug. 12, 2022) (internal quotation markets, brackets, and citations omitted). To be "otherwise qualified," a plaintiff must also satisfy the "requisite skill, experience, education, and other job-related requirements of the employment position." *Id.*

Here, on de novo review, the Court concludes that Plaintiff has failed to plausibly allege that he was "otherwise qualified" for the Personal Seasonal Delivery Driver position with or without reasonable accommodation. Plaintiff alleges that he passed a road test administered by a UPS employee, and he submitted a certificate of completion for an online accident prevention course. (Dkt. No. 1, at 3; Dkt. No. 1-1, at 16, 25). However, Plaintiff's complaint does not allege the "essential functions" or "fundamental job duties" of the Personal Seasonal Delivery Driver position or that he was able to perform those functions. *See Williams*, 2022 WL 3330099, at *13, 2022 U.S. App. LEXIS 22435, at *36–37. Without such allegations, Plaintiff has not plausibly alleged he was otherwise qualified for the position. Accordingly, the Court finds that Plaintiff has failed to state a discriminatory discharge claim under the ADA.

### 2.    Remainder of the Report-Recommendation

Plaintiff has failed to identify any other portion of the Report-Recommendation that Plaintiff asserts to be error. While the Court has considered the factual allegations in Plaintiff's objection in deference to his pro se status, Plaintiff's submission does not articulate any objection to Magistrate Judge Dancks's determination that Plaintiff had failed to plead all of the required elements of his failure to accommodate or retaliation claims. The Court's review of the remainder of the Report-Recommendation is therefore for clear error. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts it for the reasons stated therein.

**IV.     CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 6) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 6, 2022
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge