**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JERAMIAH BROWN,

                              Plaintiff,                5:22-cv-762 (BKS/TWD)

v.

UPS UNITED PARCEL SERVICE INCORP.,

                              Defendant.

---

**Appearances:**

*Plaintiff pro se:*
Jeramiah Brown
Watertown, New York 13601

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      On July 20, 2022, Plaintiff pro se Jeramiah Brown filed this Title VII action against Defendant UPS United Parcel Service, Inc. (Dkt. No. 1). On September 20, 2022, following the dismissal of the Original Complaint for failure to state a claim, (*see* Dkt. Nos. 6, 8), Plaintiff filed the First Amended Complaint. (Dkt. No. 9). The First Amended Complaint was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on October 12, 2022, issued a Report-Recommendation and Order ("R & R"): (1) denying Plaintiff's motion to seal; (2) recommending that this Court overrule Plaintiff's objection to the dismissal of the Original Complaint; (3) recommending denial of Plaintiff's request for appointment of a three-judge panel; (4) recommending dismissal of Plaintiff's First Amended Complaint with leave to amend; and (5) recommending that the Court consider imposing a Bar Order under 28 U.S.C. § 1651(a).

(Dkt. No. 11, at 18).

Plaintiff has filed objections to the R & R. (Dkt. No. 12). For the reasons set forth below, the R & R is adopted in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## III.   DISCUSSION

In the R & R, Magistrate Judge Dancks noted that Plaintiff's First Amended Complaint included a section titled "Objection of Case Being Dismissed," (Dkt. No. 9, at 15–16), which appeared to be an objection to a previous Report-Recommendation concerning the Original

Complaint, (*see* Dkt. No. 6). As the Original Complaint was dismissed, (*see* Dkt. No. 8), and Plaintiff has filed the First Amended Complaint, Magistrate Judge Dancks recommended that the Court overrule this "Objection" as "untimely and moot." (Dkt. No. 11, at 6). Magistrate Judge Dancks further recommended that the Court deny Plaintiff's request for a three-judge panel as Plaintiff failed to identify any of the conditions that would justify convening such a panel. (*Id.* at 7 (citing 28 U.S.C. § 2284(a)). Magistrate Judge Dancks also reviewed the allegations in the First Amended Complaint, which included Title VII hostile work environment, discriminatory discharge, and retaliation claims. (*Id.* at 7–9). Magistrate Judge Dancks found because Plaintiff failed to plausibly allege that Defendants' conduct was motivated by a protected characteristic under Title VII, he failed to state a plausible hostile work environment or discriminatory discharge claim. (*Id.* at 10–14). Magistrate Judge Dancks further found that the First Amended Complaint failed to state a Title VII retaliation claim. (*Id.* at 15–17). Finally, Magistrate Judge Dancks recounted Plaintiff's filing history in this Court, observing that this is the fifth action Plaintiff has filed since 2019, and that, "[t]o date, none . . . have proved to be meritorious." (*Id.* at 17 (citing *Brown v. Fat Dough Incorp.*, No. 5:22-cv-761 (BKS/ML) (N.D.N.Y. 2022) (asserting claims under the ADA); *Brown v. 7-Eleven Incorp.*, No. 5:20-cv-1339 (TJM/ML) (asserting claims under the ADA and New York law); *Brown v. 7-Eleven Incorp.*, No. 5:20-cv-553 (TJM/ML) (N.D.N.Y. 2020) (asserting claims under the ADA); *Brown v. Hortons*, No. 5:19-cv-1160 (LEK/ATB) (N.D.N.Y. 2019) (asserting claims under the ADA))). Magistrate Judge Dancks therefore recommended "that the Court consider imposing a bar Order under 28 U.S.C. § 1651(a)." (Dkt. No. 11, at 17–18).

Plaintiff's present objections concern the handling of his other cases in the Northern District of New York, the dismissal of the Original Complaint as well as the recommended

3

dismissal of the First Amended Complaint, the recommended denial of a three-judge panel, and the recommended consideration of a bar order. (*See generally* Dkt. No. 12). With the exception of Plaintiff's objections to the dismissal of his retaliation claim and to the issuance of a bar order, Plaintiff's objections are not "clearly aimed at particular findings in the magistrate's proposal." *Machicote*, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4. The Court therefore reviews Magistrate Judge Dancks' recommendation regarding Plaintiff's retaliation claim and recommendation that the Court consider issuing a bar order de novo and reviews the remainder of the R & R for clear error.

### A.   Title VII Retaliation Claim

Magistrate Judge Dancks recommended dismissal of Plaintiff's retaliation claims because Plaintiff failed to allege that he suffered an adverse action after engaging in protected activity, i.e., the January 12, 2022 filing of the NYSDHR complaint:

> To make out a plausible retaliation claim, Plaintiff must allege "that the protected activity preceded the adverse action in order to satisfy the causation requirement." *Raniola v. Bratton*, 243 F.3d 610, 624 (2d Cir. 2001). Yet by Plaintiff's account, and as asserted in the section titled "Third Cause of Action," the adverse employment action (e.g., firing or failing to hire him) preceded the protected activity (e.g., complaining to NYSDHR).

(Dkt. No. 11, at 15–16 (citing Dkt. No. 9 at 13–14)). Magistrate Judge Dancks further found that the First Amended Complaint "lacked a plausible theory of causation." (*Id.* at 17). Plaintiff asserts, for the first time in his objections, that after filing the January 12, 2022, NYSDHR complaint, Defendant "segregate[ed]" him and did not schedule him "for future shifts" leading to lost wages for a "2021/2022 . . . seasonal personal delivery position" and lost wages in "2022/2023 . . . due to human resource neglecting to schedule [Plaintiff for] shifts/future shifts." (Dkt. No. 12, at 2; *see* Dkt. No. 9, at 13–14).

4

To state a Title VII retaliation claim, "the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015). An adverse action is not only a required element of a retaliation claim, *see id.*, but where, as here, there are no factual allegations showing retaliatory animus, the timing of the alleged adverse action may serve to allow an inference of retaliatory purpose and causal connection, *see Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015) ("A causal connection in retaliation claims can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000))).

Plaintiff's newly asserted factual allegations regarding denial of shifts do not save his retaliation claim. While an allegation of reduced work hours may allow an inference that Plaintiff suffered an adverse action, *see, e.g.*, *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 86 (E.D.N.Y. 2020) (finding allegations of reduced work hours and withholding of wages constituted "materially adverse action"), because there are no allegations of retaliatory animus and Plaintiff does not indicate *when* in 2022 Defendant allegedly denied Plaintiff shifts, there is no basis for inferring causal connection based on close temporal proximity between the filing of the NYSDHR complaint and the alleged denial of shifts. *See, e.g.*, *Feliciano v. City of New York*, 14-cv-6751, 2015 WL 4393163, at *10, 2015 U.S. Dist. LEXIS 92623, at *27 (S.D.N.Y., July 15, 2015) ("[W]here no additional facts are pled, temporal proximity ordinarily requires that the allegedly retaliatory act occur within two months of the plaintiff's protected activity.").

Accordingly, in the absence of any allegation of causal connection, the Court agrees with Magistrate Judge Dancks's recommendation that Plaintiff's retaliation claim be dismissed.

### B. Bar Order

In the R & R, Magistrate Judge Dancks observed that "this is likely to be the fifth meritless action Plaintiff has initiated in this Court," and recommended "that the Court consider imposing a bar Order under 28 U.S.C. § 1651(a)" prohibiting Plaintiff from filing additional actions pro se without prior permission from the Court. (Dkt. No. 11, at 17–18). Plaintiff objects, arguing that at least one of his actions has been meritorious, asserting that he was paid $17,000 "by 7Eleven Tim Hortons to have the Complaint dismissed," (Dkt. No. 12, at 6). In recognition of Plaintiff's status as a pro se litigant and because the First Amended Complaint is being dismissed with leave to replead, the Court reserves decision pending the filing of any amended complaint on whether to issue an order to show cause why an order should not be issued enjoining Plaintiff from filing any future pleadings or documents without the prior permission of the Court. Accordingly, while the Court adopts the R & R to the extent it recommends that the Court consider imposing a Bar Order, the Court declines to issue a one at this time.

Having reviewed the remainder of the R & R for clear error and having found none, the Court adopts Magistrate Judge Dancks's recommendations and overrules Plaintiff's objections to the dismissal of the Original Complaint, denies Plaintiff's request for a three-judge panel, and dismisses the First Amended Complaint but grants leave to replead.

### IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 11) is **ADOPTED** in all respects; and it is further

**ORDERED** that the First Amended Complaint (Dkt. No. 9) is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 7, 2022
Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge